IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                           Criminal No. 3:11CR57

LOUIS A. BROWN,

    Petitioner.

**MEMORANDUM OPINION**

Louis A. Brown, a federal inmate, proceeding with counsel, filed DEFENDANT'S MOTION TO VACATE THE SENTENCE. ("§ 2255 Motion," ECF No. 135.) The Government has responded and moves to dismiss on the ground that, <u>inter alia</u>, the § 2255 Motion is barred by the relevant statute of limitations.[1] For the reasons set forth below, the § 2255 Motion will be denied as barred by the statute of limitations.

**I. THE STATUTE OF LIMITATIONS**

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

---

[1] The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spelling in the quotations from the parties' submissions.

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> **(1)** the date on which the judgment of conviction becomes final;
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Brown's judgment of conviction on his resentencing became final on December 29, 2016, the last date to file an appeal. See United States v. Clayton, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing Arnette v. United States, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)). Therefore, Brown had until Friday, December 29, 2017, to file a timely 28 U.S.C. § 2255 motion.

Brown's § 2255 Motion filed on January 29, 2021 is clearly filed beyond the one-year limitation period. Brown contends that the § 2255 Motion is timely because his MOTION TO REDUCE BASE OFFENSE LEVEL PURSUANT TO §3582(c)(2) ("§ 3582(c)(2) Motion," ECF No. 102) filed on December 12, 2017 should be recharacterized as

2

28 U.S.C. § 2255 motion seeking relief on the ground that counsel was ineffective for failing to challenge Brown's designation as a career offender. Brown, however, never sought relief on that basis until March 30, 2018, when the Federal Public Defender acknowledged that Brown was not entitled to relief under 18 U.S.C. § 3582(c)(2) and constructed the 28 U.S.C. § 2255 claim for relief that Brown now raises. For the reasons set forth below, the Court declines to recharacterize Brown's § 3582(c)(2) Motion as a motion under 28 U.S.C. § 2255 seeking relief on counsel's failure to challenge Brown's designation of a career offender at resentencing.

## II. PROCEDURAL HISTORY

### A. Original Conviction And Resentencing

On February 24, 2011, a grand jury charged Brown with four counts of distribution of cocaine base and one count of possession with intent to distribute cocaine base. (Indictment 1-4, ECF No. 1.) On June 27, 2011, Brown entered into a Plea Agreement and pled guilty to Count One, which charged him with distribution of cocaine base. (Plea Agreement ¶ 1, ECF No. 12.) During the sentencing hearing on November 10, 2011, counsel for Brown agreed that he was a career offender. (Nov. 10, 2011 Tr. 4, ECF No. 36.) Counsel objected to the obstruction of justice enhancement and to the denial of a reduction for acceptance of responsibility, and presented testimony, including testimony from Brown himself, to

3

support the objections. (Nov. 10, 2011 Tr. 4-19, 35-44, 51-53, 60-65.) The Court overruled the objections. (Nov. 10, 2011 Tr. 58, 65.) On November 16, 2011, the Court entered judgment against Brown and sentenced him to 240 months of imprisonment. (J. 2, ECF No. 29.) On direct appeal, the United States Court of Appeals for the Fourth Circuit affirmed this Court's judgment. United States v. Brown, 474 F. App'x 244, 244-45 (4th Cir. 2012).

On June 23, 2013, Brown, proceeding pro se filed a 28 U.S.C. § 2255 Motion. (ECF No. 40.) Following an evidentiary hearing, the Court granted Brown relief with respect to his claim that: "Trial counsel rendered ineffective assistance of counsel by providing Brown with copies of the FBI 302s and failing to advise him that he could be charged with obstruction of justice if he mailed copies of those to his mother" and set the matter for a resentencing. (ECF No. 89, at 6, 18-23.) At the resentencing, Brown again was found to be a career offender. Following the resentencing, on December 15, 2016, the Court entered the Judgment in a Criminal Case and sentenced Brown to 188 months of imprisonment. (ECF No. 100, at 2.) Brown did not appeal.

**B.   Proceedings Following Resentencing**

    **1.   The § 3582(c)(2) Motion**

Just less than a year later, on December 12, 2017, Brown, proceeding pro se, filed his § 3582(c)(2) Motion. The § 3582 Motion is three single-spaced typed pages in length, consisting of

4

nine paragraphs. At one point in his § 3582(c)(2) Motion, Brown states: "The drug amount is from the PSR, though the defendant objected to his counsel regarding the amount. This was in fact one of the ways counsel was ineffective." (ECF No. 102, at 2.) Then, on the next page, Brown indicates one of his offenses no longer qualifies as a valid predicate to qualify him as a career offender. (Id. at 3.) By Order entered on January 3, 2018, the Court appointed the Federal Public Defender to represent Brown on his § 3582(c)(2) Motion and set a briefing schedule.

### 2. The Federal Public Defender's March 30, 2018 Request For Recharacterization Of The § 3582(c)(2) Motion As One For Relief Under 28 U.S.C. § 2255

On March 30, 2018, the Federal Public Defender filed his response to the January 3, 2018 Order ("March 30, 2018 Response," ECF No. 107). In his March 30, 2018 Response, the Federal Public Defender acknowledged that Brown was not entitled to relief under 18 U.S.C. § 3582(c)(2). (ECF No. 107, at 1 n.2.) Instead, the Federal Public Defender requested that the Court construe Brown's § 3582(c)(2) Motion as a motion for relief under 28 U.S.C. § 2255. (Id. at 5.) The Federal Public Defender further suggested that the Court should take the sentence pertaining to counsel and sentence pertaining to Brown's career offender status in the § 3582(c)(2) Motion and construct the claim that counsel was

5

ineffective for failing to challenge Brown's designation as a career offender at resentencing.² (Id. at 7.)

By Order entered on April 12, 2018, the Court noted that the Federal Public Defender had not been appointed to represent Brown on a request for relief under 28 U.S.C. § 2255 and denied without prejudice the request to vacate sentence pursuant to 28 U.S.C. § 2255. (ECF No. 108, at 2.) By Order entered on June 15, 2018, the Court denied Brown's § 3582(c)(2) Motion. (ECF No. 115.) Brown appealed.

The United States Court of Appeals for the Fourth Circuit remanded the matter to this Court and stated, in pertinent part:

> There was nothing unusual about counsel's request that the court treat Brown's pro se filing as a § 2255 petition. Federal courts are obliged to liberally construe filings by pro se litigants. Haines v. Kerner, 404 U.S. 519, 520 (1972). That duty extends to recharacterizing a filing to which a pro se litigant has attached the wrong label, allowing courts to "avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the

---

² The Federal Public Defender noted:

> One of the predicates used to sentence Mr. Brown as a career offender was his 2000 conviction under 18 U.S.C. § 924(c). But the career offender definition of a "crime of violence" was changed on August 1, 2016, not long before Mr. Brown's sentencing in December of 2016. Mr. Brown's § 924(c) conviction does not qualify as a crime of violence under the amended definition. Unfortunately, Mr. Brown's attorney failed to raise this issue and object to Mr. Brown's classification as a career offender . . . .

(ECF No. 107, at 7-8.)

6

substance of a pro se motion's claim and its underlying legal basis." Castro v. United States, 540 U.S. 375, 381-82 (2003) (internal citations omitted). And courts frequently confront precisely the question at issue here – whether a pro se litigant has mistakenly sought what actually is § 2255 relief under the rubric of § 3582(c)(2) – and determine the true nature of such filings by looking to the document's substance, not its caption. See, e.g., United States v. Bailey, 777 F.3d 904, 906-08 (7th Cir. 2015); United States v. Carter, 500 F.3d 486, 490 (6th Cir. 2007); United States v. Maxwell, No. 99-7153, 2000 WL 341917, at *1 (4th Cir. 2000); United States v. Bennett, Nos. 3:10CR84, 3:12CV524, 2013 WL 170333, at *10 (W.D.N.C. Jan. 16, 2013).

As our court has explained, procedural restrictions on § 2255 petitions – including a strictly enforced one-year limitations period, see 28 U.S.C. § 2255(f), and significant limits on second or "successive" petitions, see id. § 2255(h) – mean that recharacterizing a pro se filing as a § 2255 petition "can have adverse consequences" for the petitioner. United States v. Blackstock, 513 F.3d 128, 131 (4th Cir. 2008). As a result, courts must warn pro se litigants of those consequences and confirm their intent to proceed under § 2255. See Castro, 540 U.S. at 383; see also Blackstock, 513 F.3d at 132. . . .

Balancing those factors and determining whether a pro se filing, liberally construed, should be recharacterized is a matter of district court discretion. See Blackstock, 513 F.3d at 131. Accordingly, we review such a determination only for an abuse of discretion. See Valadez-Camarena, 402 F.3d at 1261; United States v. Saquella, 442 F. App'x 847, 848 (4th Cir. 2011).

The problem here is that we can find no evidence that the district court actually exercised this discretion. The district court never addressed counsel's express request for recharacterization, and appears never to have considered whether "ignoring the legal label" that Brown had affixed to his pro se filing would "create a better correspondence between the substance of [Brown's] claim and [his motion's] underlying legal basis." Castro, 540 U.S. at 381-82.
. . . .
On this record, it appears that the district court failed to exercise its discretion to determine whether Brown's

7

> pro se filing should be recharacterized as a § 2255 petition; if it did, it provided no basis for its decision. Either way, we must vacate the district court's orders and remand so that the district court can consider the request for recharacterization and explain its ultimate decision. See United States v. Dinkins, 691 F.3d 358, 374 (4th Cir. 2012) (failure to state a basis for decision sufficient to permit appellate review may constitute abuse of discretion).
> The government does not dispute that the district court has yet to address the merits of counsel's request for recharacterization. Instead, it argues that even liberally construed, Brown's filing cannot properly be understood as raising an ineffective assistance of counsel claim under § 2255. Those arguments are properly directed to the district court on remand, when it decides whether Brown's filing should be recharacterized. Nor do we consider here whether Brown could prevail on the § 2255 claim outlined in his counsel's filings. We leave that question for the district court to address in the first instance if, on remand, it determines that recharacterization is appropriate in light of the circumstances of this case.

United States v. Brown, 797 F. App'x 85, 89-92 (4th Cir. 2019) (alterations in original) (parallel citations omitted).

On December 30, 2020, the Court conducted a telephone conference on the matter. Thereafter, by Memorandum Order entered on January 21, 2021, the Court appointed the Federal Public Defender to represent Brown with respect to the Fourth Circuit's remand. The Court stated that it was inclined to recharacterize Brown's December 12, 2017 3582(c)(2) Motion as a preliminary request for relief under 28 U.S.C. § 2255. The Court further stated that:

> Brown shall file a brief identifying all claims he wishes to pursue under 28 U.S.C. § 2255 and why he is entitled to relief on those claims. The brief shall also address

8

> why such claims were fairly raised in the December 12, 2017 MOTION TO REDUCE BASE OFFENSE LEVEL PURSUANT TO § 3582(c)(2). Alternatively, the brief shall address why, for purposes of the relevant statute of limitations, such claims relate back to any claim raised in December 12, 2017 MOTION TO REDUCE BASE OFFENSE LEVEL PURSUANT TO § 3582(c)(2).
> The brief shall also be accompanied by Brown's sworn statement that he wishes to proceed under 28 U.S.C. § 2255 and that counsel has advised him of the consequences of proceeding under 28 U.S.C. § 2255. See Castro v. United States, 540 U.S. 375, 383 (2003).

(ECF No. 129, at 3.)

### 3. Brown's January 29, 2021 § 2255 Motion

Thereafter, on January 29, 2021, Brown filed his present § 2255 Motion. (ECF No. 135.) In his § 2255 Motion, Brown contends that his attorney performed deficiently by failing to object to Brown's designation as a career offender because "as of the time of his resentencing, a conviction under § 924(c) on a witness retaliation theory no longer qualified as a 'crime of violence' career offender predicate under Amendment 798 to the Guidelines." (Id. at 2.)

#### A. Brown's § 3582(c)(2) Motion Did Not Seek Relief Under 28 U.S.C. § 2255 And Will Not Be Recharacterized As A Motion Under 28 U.S.C. § 2255

The Court must determine whether it should ignore the fact Brown labeled his motion as one seeking relief under § 3582(c)(2) and ascertain whether the "better correspondence between the substance of [Brown's] claim and its underlying legal basis" was to treat the motion as one seeking relief under 28 U.S.C. § 2255

9

on the ground that counsel was ineffective for failing to challenge Brown's career offender designation at resentencing. Brown, 797 F. App'x 90-91 (quoting Castro, 540 U.S. at 381-82). Section 3582(c)(2) authorizes a district court to reduce the sentence imposed on "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The applicable policy statement, U.S.S.G. § 1B1.10, lists the amendments to guidelines that may be retroactively applied in a § 3582(c)(2) proceeding.³ As explained below, recharacterization in this instance would be inappropriate because, in his § 3582(c)(2) Motion, Brown specifically sought relief under § 3582(c)(2) based on Amendment 782 to the sentencing

---

³ On the other hand, 28 U.S.C. § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

10

guidelines. At no point in the § 3582(c)(2) Motion does Brown indicate that he is seeking relief on the ground that counsel performed deficiently by failing to challenge his designation as a career offender at resentencing.[4]

Brown titled his motion as, "MOTION TO REDUCE BASE OFFENSE LEVEL PURSUANT TO § 3582(c)(2)." (ECF No. 102, at 1.) In the opening paragraph of his § 3582(c)(2) Motion, Brown states:

> COMES NOW THE Movant, Louis A. Brown, pro se, in the matter of the above case to move and pleas the Court to grant this motion and reduce the movant's base offense level by 2 (two) points, from 29 to 27 under provision of the United States Sentencing Guidelines Amendment 782.

(Id. at 1.) In ensuing paragraphs, Brown clearly and unequivocally seeks relief only under 18 U.S.C § 3582(c)(2) based on Amendment 782. (Id. at 1-3; id. at 2 ("Simply put, the movant qualifies for the reduction under Amendment 782, under §3582(c)(2).").) In his final four paragraphs, Brown states:

> The drug amount is from the PSR, though the defendant objected to his counsel regarding the amount. <u>This was in fact one of the ways counsel was ineffective.</u> The counsel disputed the drug amount, but did not pursue the dispute, even to preserve it through an objection before the Court.
> Though a disputed amount is listed as the base offense level's justification, a footnote 5, on page 22 of the Honorable Judge Payne's Memorandum Opinion (date November 15, 2016) in which it is claimed that the status

---

[4] Brown's current case for recharacterization would be stronger had Brown sought a reduction based on Amendment 798 to the Sentencing Guidelines which changed the definition of crime of violence and allegedly disqualified one of Brown's career offender predicates. (ECF No. 135, at 10-19.)

11

> of the movant as a "career offender" drove the guidelines, rather than the drug amount (which fixed the initial Base Level). <u>Leaving aside for the moment the fact that one of the movant's predicate offenses is no longer able to be considered as such</u>, this driving force bumped the movant's Criminal History Category from IV to VI. Looking at the relevant Sentencing Table and cross indexing the two entries, the proper time is 151-188 months. Movant received the top end.
> 
> With the drop in 2 (two) offense levels under Amendment 782, still using Criminal History VI, an Offense Level of 27 (which Movant would obtain under this motion) would reduce the applicable range down to 130-162. Even if the Court were to resentence Movant to the high end of this range, Movant would have a net reduction of 26 months, or just over two years, a significant amount of time in a prisoner's and his family's life.
> 
> Therefore, with humility and respect, Movant prays the Court to grant this motion of the two-point reduction for which Movant qualifies, and that the Court might resentence the movant under the new, appropriate range, also taking into account such things as Movant's good behavior while serving this term out.

(<u>Id.</u> at 2-3 (emphasis added) (punctuation corrected).)

In providing narrative detail, Brown alleged that counsel was ineffective. In a separate paragraph, Brown indicates that one of his prior offenses no longer qualifies as a valid predicate to qualify him as a career offender. Brown, however, does not allege that counsel was ineffective for failing to challenge his career offender designation at resentencing, much less seek relief on that basis. Indeed, Brown specifically disavows that he was presently seeking relief on the basis of an incorrect career offender designation. (<u>Id.</u> at 3 ("Setting aside for the moment . . . .").) Moreover, although Brown was proceeding <u>pro</u> <u>se</u>

when he filed his § 3582(c)(2) Motion, Brown clearly knew that a motion pursuant to 28 U.S.C. § 2255 was the proper procedural vehicle for obtaining relief based on the ineffective assistance of counsel. Indeed, in this very case, Brown previously had filed a 28 U.S.C. § 2255 motion and obtained relief based on the ground that counsel was ineffective.

Furthermore, it is not the general practice of this Court to recharacterize mislabeled post-convictions motions for relief as motions seeking relief under 28 U.S.C. § 2255. See <u>Castro v. United States</u>, 540 U.S. 375, 386 (2003) (Scalia, J., concurring in part and concurring in judgment) ("Recharacterization is unlike 'liberal construction,' in that it requires a court deliberately to override the pro se litigant's choice of procedural vehicle for his claim."). Instead, the Court informs the litigant of the availability of relief pursuant to 28 U.S.C. § 2255 and provides the appropriate form to pursue that relief if he or she chooses. If the litigant chooses to pursue relief under 28 U.S.C. § 2255, the Court will then determine whether, for statute of limitation purposes, the claims in the § 2255 motion relate back to any claims adequately set forth in the original post-conviction motion.

The United States Court of Appeals for the Sixth Circuit provided the following guidance on whether to construe § 3582(c)(2) motions as one pursuant to 28 U.S.C. § 2255:

> When a § 3582 motion requests the type of relief that § 3582 provides for-that is, when the motion argues that sentencing guidelines have been modified to change the applicable guidelines used in the defendant's sentencing-then the motion is rightly construed as a motion to amend sentencing pursuant to § 3582. On the other hand, when a motion titled as a § 3582 motion otherwise attacks the petitioner's underlying conviction or sentence, that is an attack on the merits of the case and should be construed as a § 2255 motion.

United States v. Carter, 500 F.3d 486, 490 (6th Cir. 2007); see Brown, 797 F. App'x at 91-92 (citing Carter, 500 F. 3d at 490). The United States Court of Appeals for the Seventh Circuit observed that Carter "and similar decisions that refer to this approach to postconviction motions do so in the context of preventing federal prisoners from circumventing AEDPA's requirement that they obtain permission from the court of appeals before filing a second or successive § 2255 motion." Poe v. United States, 468 F.3d 473, 476 (7th Cir. 2006) (citing 28 U.S.C. § 2255 para. 8; Carter v. United States, 312 F.3d 832, 833 (7th Cir. 2002); Henderson v. United States, 264 F.3d 709, 710 (7th Cir. 2001)).[5] The Seventh

---

[5] The petitioner in Poe had been convicted of, among other things, violating the continuing criminal enterprise ("CCE") statute. Poe, 468 F.3d at 474. "On June 1, 1999, the Supreme Court held that the predicate drug law violations underlying a conviction for violating the [CCE statute] are elements of the CCE offense and thus require jury unanimity with respect to each individual violation." Id. (citing Richardson v. United States, 526 U.S. 813, 824 (1999)). Thereafter, in July of 1999, the petitioner in Poe

> raised a Richardson challenge to his 1996 CCE conviction by filing a habeas corpus petition under 28 U.S.C. § 2241. The district court dismissed the habeas

14

Circuit went on to note that, "Poe cites no case from this or any other court—and we are aware of none—that supports a rule requiring district courts to construe equivalent postconviction filings as § 2255 motions in order to help prisoners comply with AEDPA's one-year limitations period." Id.; Henderson, 264 F.3d at 711 (citations omitted) ("Nothing in AEDPA says that a motion not labeled as a section 2255 motion shall nevertheless be deemed one if it could have been so labeled accurately. . . . All we hold today . . . is that we won't deem a Rule 33 (or other mislabeled motion) a section 2255 motion unless the movant has been warned about the consequences of his mistake.").

Accordingly, for these many reasons, the Court declines to recharacterize Brown's § 3582(c)(2) Motion as one seeking relief under 28 U.S.C. § 2255. Furthermore, the Court denies the Federal Public Defender's March 30, 2018 request to recharacterize Brown's § 3582(c)(2) Motion as one seeking relief under 28 U.S.C. § 2255.

---

    petition without prejudice and redirected Poe to § 2255. By this time, however, the applicable limitations period under § 2255 had expired. When [the petitioner] filed the appropriate § 2255 motion challenging his CCE conviction under Richardson, the district court denied it as untimely."

Id.

Nevertheless, the Court deems the Federal Public Defender's March 30, 2018 Response as an independent request for § 2255 relief on behalf of Brown.

### B. Brown's Request For § 2255 Relief In His March 30, 2018 Response Is Untimely

Brown request for § 2255 relief in his March 30, 2018 Response was filed roughly three months after the statute of limitations expired. Accordingly, that request for § 2255 relief is barred by the relevant statute of limitations unless it can benefit from the relation back doctrine and relate back to the earlier filed § 3582(c)(2) Motion. As explained below, the request for § 2255 relief in the March 30, 2018 Response does not relate back to the § 3582(c)(2) Motion filed on December 12, 2017.

First, the § 3582(c)(2) Motion was not the equivalent of application for § 2255 relief. In a related context, the Supreme Court instructed that "a case does not become 'pending' until an actual application for habeas corpus relief is filed in federal court." Woodford v. Garceau, 538 U.S. 202, 210 (2003); Green v. Johnson, No. 2:05CV340, 2006 WL 3746138, at *20-21 (E.D. Va. Dec. 15, 2006) (applying Garceau in statute of limitations context), aff'd 515 F.3d 290 (4th Cir. 2005). "[A]n application for habeas relief is a filing that contains one or more claims." Gonzalez v. Crosby, 545 U.S. 524, 530 (2005) (internal quotation marks omitted). Furthermore, a claim is "an asserted federal basis for

16

relief from a . . . court's judgment of conviction." Id. "[A] filing that '[does] not seek any relief on the merits or place the merits of [a would-be petitioner]'s claims before the District Court for decision' is not a habeas petition capable of satisfying [the] statute of limitations.'" Ramirez v. Yates, 571 F.3d 993, 997 n.3 (9th Cir. 2009) (second and third alteration in original) (quoting Garceau, 538 U.S. at 210 n.1); see United States v. White, 257 F. App'x 608, 609 (4th Cir. 2007) (emphasizing that a petitioner must set forth claims for relief in order to invoke the Court's jurisdiction under 28 U.S.C. § 2255). Brown's § 3582(c)(2) Motion "did not contain any claims for federal habeas relief, much less seek relief on the merits of those claims. Therefore, it did not stop the running of the federal statute of limitations." Hardy v. Jones, No. 3:08CV843, 2010 WL 883749, at *3 (E.D. Va. Mar. 8, 2010) (citing White, 257 F. App'x at 609; Dykeman v. New Jersey, No.2:09cv04212, 2009 WL 2986399, at *3-4 (D.N.J. Sept. 15, 2009); Payne v. United States, Nos. 8:99-CR-78-T-27MSS, 8:05-CV-273-T-27MSS, 2007 WL 496608, at *5-7 (M.D. Fla. Feb. 12, 2007).

Second, when parties seek to invoke the relation back doctrine, the newly added claims must "arise from the same core facts as the timely filed claims," and the facts cannot differ in "time and type." Mayle v. Felix, 545 U.S. 644, 657 (2005). As noted above, Brown's § 3582(c)(2) Motion did not contain any claims for habeas relief, so there is nothing for his request for § 2255

relief in his March 30, 2018 Response to relate back to. Accordingly, Brown request for § 2255 relief in his March 30, 2018 Response and his present § 2255 Motion are barred by the relevant statute of limitations and will be dismissed.

## III. CONCLUSION

For the foregoing reasons, the Court declines to recharacterize Brown's § 3582(c)(2) Motion as a request for relief under 28 U.S.C. § 2255. Brown's § 2255 Motion (ECF No. 135) will be denied. The action will be dismissed. A certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Brown and counsel of record.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: June 10, 2021